UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HAMDIJA DUZAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MSC MEDITERRANEAN SHIPPING COMPANY (USA) INC., a New York corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO TRANSFER VENUE (DOC. NO. 6)**<br><br>Case No. 2:25-cv-01046<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Hamdija Duzan brought this action against Mediterranean Shipping Company (USA) Inc. (MSC),[1] asserting various contract-based claims for the alleged mishandling and damage to a shipment overseas from the Port of New York to Croatia.[2] MSC removed the case from Utah state court to this court,[3] and Mr. Duzan has not challenged the removal.[4] MSC now moves to transfer the case to the United States District Court for the Southern District of New York per a forum selection clause

---

[1] MSC indicates that Mr. Duzan erroneously sued the company as "MSC Mediterranean Shipping Company (USA) Inc." (Notice of Removal 1, Doc. No. 1.)

[2] (Ex. A to Notice of Removal (Compl.) 1–2, Doc. No. 1-2.)

[3] (Notice of Removal, Doc. No. 1.)

[4] Because MSC filed its notice of removal on November 14, 2025, Mr. Duzan had thirty days to move to remand (on non-jurisdictional grounds). *See* 28 U.S.C. § 1447(c).

governing the shipment in dispute.[5]  Mr. Duzan has not opposed the motion and the time to do so has passed.[6]  Because transfer is appropriate, MSC's motion is granted.

Section 1404 of Title 28 of the United States Code provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[7]  Courts may transfer a case under § 1404(a) when the parties have agreed to litigate in another federal forum.[8] And "[f]orum-selection clauses are 'prima facie valid and should be enforced' unless the party resisting transfer shows that they are 'unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'"[9]

Here, the forum selection clause identifies the United States District Court for the Southern District of New York as the proper forum.  According to the complaint, Mr. Duzan hired a company that contracted with MSC to carry out an overseas cargo

---

[5] (Mot. to Transfer Venue (Mot.), Doc. No. 6.)

[6] Where MSC filed its motion on November 20, 2025, Mr. Duzan's response was due December 4.  *See* DUCivR 7-1(a)(4)(D)(ii) (providing fourteen-day response deadline).

[7] 28 U.S.C. § 1404(a).

[8] *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013) ("When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause."); *see also id.* ("Only under extraordinary circumstances unrelated to the convenience of the parties should a §1404(a) motion be denied.").

[9] *Crisler v. Matthews Richards Healthcare Mgmt., LLC*, No. 14-1061, 2014 U.S. Dist. LEXIS 120091, at *16 (D. Kan. Aug. 28, 2014) (unpublished) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 & 15 (1972)).

shipment.[10]  And MSC allegedly breached contractual obligations in its bill of lading.[11]

Among other things, the terms and conditions in the bill of lading provide that any suit

over the shipment must be brought in the United States District Court for the Southern

District of New York.[12]  Mr. Duzan does not challenge this clause as unenforceable,

invalid, unreasonable, or unjust.[13]  Indeed, he relies on other provisions of the contract

---

[10] (Compl. ¶ 15, Doc. No. 1-2 (alleging he "hired a company called SlavicaTrans to manage the shipment, which subcontracted with MSC to carry out the overseas transport").)  Although the shipment originated in Utah, (*id.* ¶ 8), the complaint focuses on damages incurred during MSC's oversees handling.  (*See id.* ¶¶ 14–21, 48; *see also id.* at 1–2 (asserting claims "arising from MSC's mishandling and resulting damage" during the "shipment overseas from the Port of New York to Croatia").)

[11] (*See id.* ¶¶ 52–59, 65, 72 (claiming a valid contract for the shipment existed between Mr. Duzan and MSC and referencing various sections and obligations under "MSC's Bill of Lading").)  Although no exhibits are attached to the complaint, the waybill and bill of lading appear to be the same, based on Mr. Duzan's own allegations (*id.*) and exhibits MSC provides.  (*See* Ex. 1 to Req. for J. Notice, Doc. No. 6-2 (Sea Waybill No. MEDUHE259716 identifying Slavica Trans Inc. as "Shipper" and providing that the "carriage is subject to the MSC Sea Waybill or Bill of Lading Terms and Conditions found at the back of this document"); *id.* at 4 (providing "[t]erms and conditions" of MSC's "Contract of Carriage continued from the front page"); Ex. 2 to Req. for J. Notice, Doc. No. 6-3 (providing the same "Contract of Carriage" terms and conditions in large font).)  Judicial notice of these exhibits is proper where Mr. Duzan incorporates them by reference in his complaint and does not challenge their authenticity.  *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013).

[12] (Ex. 1 to Req. for J. Notice, Doc. No. 6-2 at 4 (§ 10.3 providing it is "specifically agreed that any suit by the Merchant . . . shall be filed exclusively in the United States District Court, for the Southern District of New York," and § 1 defining "Merchant" as "the Shipper, Consignee, holder of this Sea Waybill, the receiver of the Goods and any Person owning, entitled to or claiming the possession of the Goods or of this Sea Waybill or anyone acting on behalf of this Person").

[13] *See Zapata*, 407 U.S. at 15.

in his complaint and alleges it is valid.[14]  Moreover, MSC is based in New York and the core dispute is over the company's alleged mishandling of a shipment leaving the Port of New York.

For these reasons, the motion to transfer venue[15] is granted.  The clerk is directed to transfer this case to the United States District Court for the Southern District of New York.

DATED this 17th day of February, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[14] (Compl. ¶¶ 52, 58–59, Doc. No. 1-2.)

[15] (Doc. No. 6.)